Brennan, J.
Aggrieved by the decision of the trial judge in the Fitchburg District Court the defendant/appellant commenced this appeal in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8C. The facts and issues necessary for an understanding of this appeal are as follows:
On or about June 26,1996, Roads Corporation entered into a contract with 128 Sales, Inc. (hereinafter, defendant/appellant) for paving services at a location owned by C.M. Realty Trust (hereinafter, codefendant). Specifically, defendant/ appellant hired Roads Corporation to pulverize and pave an existing parking lot, create an additional parking area, install a bituminous concrete Cape Cod berm and to mark the pavement For these services defendant/appellant agreed to pay the lump sum price of $245,000.00. There were additional provisions for separate payments for extra work as well as provisions that any changes to the contract must be in writing and agreed to by the parties.
Roads proceeded with the paving work and defendant/appellant made payments as billed. As a result of negotiations between defendant/appellant and the Town of Wilmington certain changes in the project were necessitated which resulted in certain changes in the paving project. Roads and defendant/appellant reached an agreement and additional work was performed and paid for. Defendant paid Roads $57,222.50 by May 21,1997.
In May 1997, Roads’ paving division was purchased by RJ. Keating, Incorporated (hereinafter, plaintiff/appellee). In addition to purchasing the business, plaintiff/appellee acquired some of Roads’ contracts, including the contract with defendant/appellant. With the exception of the 6,702 square yard parcel of land at the corner of the property, plaintiff/appellee completed the remaining work under *189 the contract Plaintiff/appeDee credited defendant/appellant $34,785.00 for the 6,702 square yards of land that was not paved.
Plaintiff/appellee billed defendant/appellant $274,371.50, which represented the $245,000.00 contract price plus $29,371.50 for extra work. Defendant/appellant has paid $177,222.00.
Plaintiff/appellee filed a complaint in the Fitchburg District Court alleging breach of contract quantum meruit and a violation of M.G.L.C. 93A. The case was tried and the Court entered a judgment for plaintiff/appellee in the amount of $44,350.00 on Count 1 (breach of contract) and Count II (quantum meruit). On Count ni (M.G.L.C. 93A), the Court found for the defendant.
After trial the Court found that defendant/appellant breached the terms of its contract with plaintiff/appellee by tailing to pay for labor and materials provided pursuant to the contract The Court specifically found that the plaintiff did not breach the terms of the contract The Court found no violation of G.L.c. 93A The Court found that
The plaintiff is entitled to be compensated in the amount of the contract price of $245,000.00 plus $11,357.00 for authorized and agreed additional work, less a credit of $34,785.00 for work not performed, as agreed. The net amount to which the plaintiff is entitled is $221,572.00.... The plaintiff is entitled to a judgment against these three defendants for the difference, or $44,350.00.
Defendant/appellant has filed this appeal, asserting that the ultimate findings of fact and assessment of damages found by the trial judge are inconsistent with the judge’s subsidiary findings. Specifically, defendant/appellant asserts that it was error for the trial court not to award additional damages represented by an amount of area which was not paved by Appellee. Simply put, defendant/appellant states that appellee paved an area significantly smaller that the area agreed to in the original contract between the parties.
In his written findings, the Trial Judge found that
By mutual agreement the project was suspended during the winter months of 1997. When work resumed in April, 1997 128 Sales presented Roads with a new plan which involved the installation of additional landscaped islands, additional grading and the installation of additional berm. ... The new plan resulted in a 9000 square yard reduction in the area to be paved, but also an increase in other coste for the plaintiff for the additional berm, labor and trucking necessary to complete the project according to the new plan. The defendants were not charged for these additional costs.
The judge further found that
... the plaintiff credited 128 Sales in the amount of $34,785.00 for the work not performed, which I find to be a fair and reasonable adjustment to the contract price. All work done by Roads and the plaintiff was performed in a good and workmanlike manner and in accordance with the terms and conditions of the contract
M. R Civ. E, Rule 52(c) provides that
Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial judge to judge the credibility of the witnesses.
In this case the trial took place over the period of three days and the judge heard testimony from various witnesses and had the opportunity to examine the *190 documents and various exhibits. After hearing the testimony and examining all of the exhibits the trial judge entered a detailed document entitled “COURTS FINDINGS OF FACT.”
It is clearly established in Massachusetts law that an appellate court will not disturb the findings of the trial court unless those findings are clearly erroneous and that appellate court is “... left with the firm conviction that a mistake has been committed.” G.E.B. & Another v. S.R.W., 422 Mass. 158, 171 (1996). This is not the case in the matter before the court Clearly the trial judge had an opportunity to evaluate all of the evidence and he wrote a considered and detailed finding on the matter. There is nothing clearly erroneous in the trial judge’s finding. As such, the findings of the trial judge will not be disturbed.
The defendant/appellant’s appeal is dismissed.